IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WALTON, # B-09559, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-664-SMY |
| | ) |
| MICHAEL D. SCOTT, | ) |
| ANGEL RECTOR, | ) |
| LT. PIERCE, | ) |
| T. CHAPMAN, | ) |
| CHRISTINE BROWN, | ) |
| and WEXFORD HEALTH SOURCE, INC., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## **The Complaint**

Plaintiff was diagnosed over 13 years ago with an inguinal hernia in the lower right region of his abdominal cavity. (Doc. 1, p. 4). This condition was well-documented in Plaintiff's medical records at Danville Correctional Center, where he was housed before his transfer to Pinckneyville. The medical-provider defendants, who are employed by Wexford

Health Source, Inc. ("Wexford"), have chosen to take a "bare minimal treatment" approach to Plaintiff's condition, even though Plaintiff has frequent episodes where his hernia "pops out" and causes agonizing pain. (Doc. 1, p. 4).

On April 19, May 11, May 16, and July 6, 2016, Plaintiff visited the Health Care Unit seeking treatment for his painful hernia and saw Dr. Scott. (Doc. 1, pp. 5-6). Plaintiff appears to be alleging that on each of these occasions, his intestine had protruded out of his abdominal cavity and he required medical assistance to push the intestine back into place. (Doc. 1, p. 6). This process was very painful. On each of the above dates, Dr. Scott refused to authorize or recommend repair of the hernia. Instead, Scott prescribed a hernia belt for Plaintiff to wear. Based on these facts, Plaintiff asserts a deliberate indifference claim against Scott, as well as a state law claim for negligence. (Doc. 1, p. 6).

On May 13, 2016, Plaintiff sought treatment for the hernia pain at Nurse Sick Call from Rector (nurse practitioner). However, Rector refused to see him. (Doc. 1, p. 7).

On May 29, 2016, Officers Pierce and Chapman confiscated Plaintiff's medically-prescribed hernia belt and refused to allow Plaintiff to wear it while he was in segregation. (Doc. 1, p. 7).

Plaintiff asserts a state law negligence claim against Wexford, based on his allegations that Wexford employees Scott and Rector violated his "constitutional and statutory rights" to adequate medical treatment. (Doc. 1, p. 8). He argues that Wexford should be liable because "its employees acted in its name and authority," and he "would not have suffered the injuries stated herein by Defendants Scott and Rector except through their employ with Defendant Wexford." (Doc. 1, p. 8). He further claims that Wexford failed to "properly train, manage, and monitor the actions of its employees." (Doc. 1, p. 9).

Plaintiff seeks declaratory relief as well as compensatory and punitive damages. (Doc. 1, p. 10).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against Dr. Scott, for deliberate indifference to Plaintiff's painful hernia condition between April 19 and July 6, 2016;
>
> **Count 2:** State law negligence claim against Dr. Scott, for prescribing a hernia belt for Plaintiff's painful hernia condition and refusing to provide other treatment between April 19 and July 6, 2016;
>
> **Count 3:** Eighth Amendment claim against Rector, for deliberate indifference to Plaintiff's painful hernia condition when she refused to see him on May 13, 2016;
>
> **Count 4:** Eighth Amendment deliberate indifference claim against Pierce and Chapman, for confiscating Plaintiff's prescribed hernia belt on May 29, 2016, while Plaintiff was in segregation;
>
> **Count 5:** State law negligence claim against Wexford Health Source, Inc., for employing Scott and Rector to provide medical care for Plaintiff's painful hernia condition and failing to properly train, manage, and monitor their actions.

Counts 1, 3, and 4 shall proceed for further review in this action. However, Counts 2 and 5 fail to state a claim upon which relief may be granted and shall be dismissed without prejudice.

## Count 1 – Deliberate Indifference – Dr. Scott

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the

defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff describes having suffered from his inguinal hernia for over 13 years. He

notes that for several months in 2016, he had recurring episodes where his intestine would "pop out" from his abdominal cavity, causing "agonizing" pain and requiring medical assistance to push the intestine back into place. (Doc. 1, p. 4). The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Plaintiff met with Dr. Scott on 4 occasions in 2016 to seek treatment for his hernia. Scott provided some treatment, which apparently included pushing Plaintiff's protruding intestine back into his abdominal cavity. Scott also prescribed Plaintiff a hernia belt at some point prior to May 29, 2016. However, Plaintiff complains that Scott should have authorized (presumably surgical) repair of the hernia because of the frequency of Plaintiff's need for his intestine to be pushed back into place and the pain associated with those incidents.

At this early stage of the litigation, the Court cannot determine whether Scott's treatment of Plaintiff's condition amounted to unconstitutional deliberate indifference, or whether it was medically appropriate or constituted malpractice or negligence (which would not violate the Constitution). Scott did provide Plaintiff with some medical treatment, including the hernia belt. As previously noted, a prisoner cannot dictate his own care, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and a difference of opinion regarding what type of treatment is necessary will not support a claim for deliberate indifference. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques). However, "a plaintiff's receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional

mistreatment likely to seriously aggravate' a medical condition." *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).

Further factual development will be necessary in order to determine whether Scott's response to Plaintiff's medical condition rose to the level of unconstitutional deliberate indifference. Accordingly, **Count 1** shall proceed for further review.

### Dismissal of Count 2 – Negligence – Dr. Scott

Plaintiff's state law negligence claim against Dr. Scott is based on the same factual allegations that support the constitutional claim in Count 1. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Plaintiff's allegations meet this standard.

That said, under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of

the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. Significantly, "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit or report with respect to his allegations of medical negligence against Dr. Scott. Therefore, the claim in **Count 2** shall be dismissed. However, the dismissal will be without prejudice and Plaintiff will be allowed **60 days** to file the required affidavit, if he desires to seek reinstatement of this claim. The certificate of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavit or certificate of merit, the dismissal of **Count 2** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

### Count 3 – Deliberate Indifference – Rector

Plaintiff's allegations against Nurse Practitioner Rector are brief. He claims that on one occasion (May 13, 2016), he sought treatment for his "symptoms of pain and discomfort" related to his hernia. However, Rector refused to see him.

As noted in the discussion under Count 1, a delay in treatment which unnecessarily prolongs an inmate's pain may amount to deliberate indifference. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). An outright refusal to assess or provide treatment for a serious, painful medical condition – such as Plaintiff alleges here – would also support a constitutional claim. Accordingly, the deliberate indifference claim against Rector survives review under § 1915A. **Count 3** shall proceed for further consideration.

### Count 4 – Deliberate Indifference – Pierce and Chapman

Officers Pierce and Chapman are not alleged to be medical providers. They are correctional officers who interacted with Plaintiff on May 29, 2016 when Plaintiff was placed in segregation. At the time, Plaintiff had the hernia belt which had been prescribed for him by Dr. Scott. Despite the doctor's prescription for this medical device to hold Plaintiff's intestine in place, Pierce and Chapman allegedly confiscated the belt and refused to allow Plaintiff to wear it while he was in segregation. Presumably, this placed Plaintiff at greater risk of having another painful episode where his intestine would "pop out" through his abdominal wall.

These allegations support an Eighth Amendment deliberate indifference claim against Pierce and Chapman if they knew that Plaintiff faced a risk of harm to his health without the hernia belt, yet still prevented Plaintiff from wearing it. **Count 4** shall therefore proceed for further review.

### Dismissal of Count 5 – Negligence – Wexford

Because Plaintiff has pled his claim against Wexford as a state law negligence claim for improper medical treatment rendered by Wexford employees Scott and Rector, the claim in Count 5 cannot go forward unless Plaintiff complies with the affidavit and certificate of merit requirements described above under Count 2 (the medical negligence claim against Dr. Scott). Because Plaintiff has not provided either an affidavit regarding consultation with a qualified health professional, or a certificate of merit from such a professional (*See* 735 ILL. COMP. STAT. §5/2-622(a)) with reference to his negligence claim against Wexford, **Count 5** shall be dismissed without prejudice.

As with the claim in Count 2, the dismissal of Count 5 shall be without prejudice at this time, and Plaintiff will be allowed **60 days** to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavit(s)/certificate(s), the dismissal of **Count 5** may become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

The Court notes that the Complaint does not include a claim against Wexford for deliberate indifference to Plaintiff's medical condition. In the event that Plaintiff may seek to amend his Complaint to include such a claim, he should note that in the context of a civil rights action, a corporation such as Wexford cannot be held liable merely because it employs (or fails to train/supervise) a prison doctor or nurse who was allegedly deliberately indifferent to an inmate's medical condition. Rather, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as

though it were a municipal entity in a § 1983 action). The current Complaint contains no such allegation.

### Dismissal of Defendant Brown

Plaintiff includes Christine Brown (Health Care Administrator) in his list of Defendants (Doc. 1, p. 3), however, he does not name her in the case caption and does not mention her at all in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And finally, while Brown may have acted in a supervisory position, liability cannot be imposed on her based on that status alone, because the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, Brown will be dismissed from this action without prejudice.

### Disposition

**COUNTS 2 and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **BROWN** and **WEXFORD HEALTH SOURCE, INC.**, are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical negligence claims in **COUNT 2 and/or COUNT 5** against Defendants **SCOTT** and

**WEXFORD**, respectively, Plaintiff shall file the required affidavit(s) pursuant to 735 Ill. Comp. Stat. §5/2-622, within 35 days of the date of this order (on or before September 12, 2017). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 2 and/or COUNT 5** may become a dismissal **with prejudice**.

With reference to **COUNTS 1, 3, and 4,** the Clerk of Court shall prepare for Defendants **SCOTT, RECTOR, PIERCE,** and **CHAPMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 8, 2017**

<u>s/ Staci M. Yandle</u>
United States District Judge