IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT WALTON, )
 )
        Plaintiff, )
 )
vs. ) Case No.17 -CV-664-SMY-RJD
 )
MICHAEL D. SCOTT, ANGEL RECTOR, )
CHARLES PEARCE, and TERRI )
CHAPMAN, )
 )
        Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Walton, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983, alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Specifically, Walton alleges that medical providers at Pinckneyville failed to adequately treat his inguinal hernia, and correctional officers confiscated his medically-prescribed hernia belt. Walton is proceeding on the following claims:

Count One: Eighth Amendment claim against Dr. Scott for deliberate indifference to Walton's painful hernia condition between April 19 and July 6, 2016.

Count Three: Eighth Amendment claim against Nurse Rector for deliberate indifference to Walton's painful hernia condition when she refused to see him on May 13, 2016.

Count Four: Eighth Amendment deliberate indifference claim against Lt. Pearce and C/O Chapman for confiscating Walton's prescribed hernia belt on May 29, 2016 while he was in segregation.

Now before the Court is Defendants Chapman and Pearce's Motion for Summary Judgment in which they argue that Walton failed to exhaust his administrative remedies prior to filing suit (Doc. 32). Despite being provided adequate notice explaining the requirements of

Rule 56 of the Federal Rules of Civil Procedure (*see* Doc. 34), Walton did not file a Response. For the following reasons, Defendants' Motion is **GRANTED**.

**Background**

There is only one grievance in the record concerning Walton's complaints about his hernia and treatment for the same. In the grievance dated August 28, 2016 (Doc. 33-1 at 3-4), Walton complains about the treatment provided by Dr. Scott and the failure of the Nurse Practitioner (Rector) to respond to his sick call requests for treatment. Walton's only reference in the grievance to his hernia belt is that it does not "do shit at all" for him (*Id.* at 4).

Walton received a response from his counselor, the grievance officer, and warden, who all denied his requested relief. He appealed to the Administrative Review Board ("ARB"), which found the grievance was appropriately addressed by the facility administration, and recommended denying the grievance (Doc. 33-1 at 1). The IDOC Director concurred with the ARB's recommendation.

**Legal Standards**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477

U.S. at 248). When considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the IDOC must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer – usually the Warden – within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer, in writing and within 30 days to the ARB for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB submits a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

### Discussion

Based on the evidence in the record, the Court finds that Walton failed to exhaust his administrative remedies as to Defendants Pearce and Chapman prior to filing this lawsuit[1]. It is clear that Walton's August 28, 2016 grievance fully exhausted his administrative remedies with regard to the claims made in the grievance. However, he failed to name, identify, or describe Defendants Pearce and Chapman, as required by § 504.810(c) of the Illinois Administrative Code. In fact, Walton made no mention of the actions at issue in this lawsuit in his grievance whatsoever, complaining only that his hernia belt was ineffective at relieving his pain. Because there was no indication that Walton was complaining about the conduct of Defendants Pearce or Chapman in his August 28, 2016 grievance, it is insufficient to exhaust administrative remedies as to his Eighth Amendment claim against them.

### Conclusion

For the foregoing reasons, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Pearce and Chapman (Doc. 32) is **GRANTED**; Defendants Pearce and Chapman are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall proceed on Counts One and Three against Defendants Michael D. Scott and Angel Rector.

**IT IS SO ORDERED.**

**DATED: July 3, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[1] Because Walton did not file a response to Defendants' motion for summary judgment disputing the evidence or arguments presented, despite being provided ample time and opportunity to do so, a hearing to resolve factual disputes is not necessary. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).