# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WALTON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17-cv-664-SMY |
| | ) |
| MICHAEL SCOTT and | ) |
| ANGEL RECTOR, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Walton, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. Specifically, he alleged that medical personnel at Pinckneyville failed to adequately treat his inguinal hernia. The Court ultimately granted summary judgment in favor of Defendants (Doc. 53). Now pending before the Court is Defendants' Bill of Costs (Doc. 55) to which Plaintiff has objected (Doc. 57).[1] For the following reasons, the Bill of Costs is **DENIED**.

Defendants' Bill of Costs seeks reimbursement of $338.50 for costs incurred taking Plaintiff's deposition. Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should

---

[1] Plaintiff generally objects to having to pay additional money for filing a lawsuit to redress the alleged subpar medical treatment he has received while incarcerated.

be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id*. If the court makes a threshold finding of indigence, it must then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.* at 635-36.

In this case, Plaintiff filed a motion to proceed in forma pauperis on July 14, 2017 (Doc. 4), which this court granted on July 21, 2017 (Doc. 5). The affidavit filed along with the IFP motion reveals that Plaintiff earns $14 per month in income from his prison job. Given Plaintiff's

ongoing incarceration, there is no reasonable basis to conclude that his financial condition has changed in any meaningful way since his *IFP* motion was granted. Thus, the affidavits and Trust Fund account statement that Plaintiff filed in 2017 to support his *IFP* status sufficiently establish that he is indeed indigent and incapable of paying the requested costs now or in the future.

While Plaintiff was unsuccessful on his claims against Defendants, the Court finds that his claims were not frivolous; he had a good faith basis for bringing and prosecuting his lawsuit. Accordingly, Defendants' Bill of Costs (Doc. 55) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 14, 2020**

**STACI M. YANDLE**
**United States District Judge**